Submitted on briefs October 18, affirmed November 20, rehearing denied December 18, 1923.

## FRANK I. ROCKWELL *v.* SCHOOL DISTRICT No. 1, DESCHUTES COUNTY, OREGON.

(220 Pac. 142.)

**Schools and School Districts—Inability of Athletic Instructor to Act as Football Coach Held not Ground for Discharge—"Physical Training."**

1. Section 5275, Or. L., making "physical training" a part of the prescribed instruction in public schools, is not authority for the expenditure of district funds for the hiring of a football coach, and, there being no other statute authorizing school districts to expend public moneys for coaching high school football teams, nor making qualifications of a teacher depend on his ability to do so, inability to act as football coach was not ground for discharge under a contract for service as a high school and athletic instructor.

Schools and School Districts—Answer in Action by Teacher for
Compensation After Wrongful Discharge Held Insufficient to
Allege a Settlement in Full.

2. In an action by a teacher, after wrongful discharge, for
compensation due under his contract, an answer which alleged that
at the time of discharge he was tendered payment in full for one
month's services and accepted the same, and that payment was
made in settlement of all sums owing or which might become owing
to plaintiff, *held* insufficient, because of failure to allege that plain-
tiff accepted the payment made as a settlement in full.

Schools and School Districts—Teacher, After Wrongful Discharge,
Held Entitled to Recover Amount Due Under Contract, Less
Earnings Elsewhere.

3. A school-teacher, after wrongful discharge, *held* entitled to
recover the amount which he would have earned under his contract,
had he been permitted to perform, less the amount which he
earned elsewhere within the same period.

From Deschutes: Robert G. Morrow, Judge.

In Banc.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of
*Mr. R. S. Hamilton.*

For respondent there was a brief over the name of
*Mr. W. P. Myers.*

RAND, J.—The defendant appeals from a judg-
ment on the pleadings. The plaintiff was employed
by the school board of the defendant district to teach
for ten months at a salary of $180 per month. The
material part of the contract is in these words:

"Said teacher [plaintiff] is to teach in the Public
Schools of District No. 1, as High Sch. & Ath. Inst.
with work subject to assignment, for the time of 10
months for the sum of $180 per month, commencing
the 6th day of September, 1921, and that for such ser-
vices lawfully and properly rendered, the directors of
said district are to pay to said teacher the amount that
may be due according to this contract each month."

109 Or.—31

Plaintiff commenced teaching pursuant to said contract on September 6, 1921, and on September 24th following he was paid one month's salary in full and was discharged. After the expiration of the time for which he had been employed, he sued to recover for nine months' salary, alleging that he was at all times ready, able and willing to perform the contract on his part, and that the board of directors of said district, without any just, legal or other cause, wrongfully discharged him and refused to permit him to perform said contract, and refused to pay him the salary contracted for, resulting to his damage in the sum of $1,620.

The defendant district, by its answer, admits the employment by the district of the plaintiff and his discharge, and alleges:

"That among the services required of the plaintiff under said contract was that he should act as instructor in athletics in the high school maintained by the defendant; that the first work as athletic instructor to which the plaintiff was assigned, and which was provided for in the above mentioned contract, was coaching the high school football squad and team; that the plaintiff wholly failed to perform said service as football coach, and was unable to perform such service for the reason that he was not qualified by training, experience or knowledge for such work; that upon such failure and inability of the plaintiff. and by reason thereof, the defendant did discharge him."

In mitigation of damages the defendant alleged that during the time for which the plaintiff had been employed, he earned at other employments large sums of money. The cause was put at issue by a reply and when called for trial, it was stipulated that the plaintiff had earned, during the time that he was employed and not permitted to teach, the sum of $552.25, which amount it was stipulated should be deducted from the

amount claimed by the plaintiff in his complaint. Thereupon, on plaintiff's motion for judgment on the pleadings, a judgment was entered in favor of the plaintiff for the sum of $1,067.75.

1. The briefs filed confine their discussion purely to the question of the sufficiency of defendant's alleged ground for discharging the plaintiff, namely, his inability to coach a high school football team. We know of no provision of the statute authorizing school districts to expend public moneys for the instruction or coaching of high school football teams, nor making the qualifications of a teacher in the public schools depend upon his ability as a coach of a football team.

By Section 5275, Or. L., approved February 21, 1919, physical training is made a part of the prescribed courses of instruction in public schools, and pursuant to this section, school boards are authorized to employ teachers competent to give physical training instruction and to require them to give such instruction, but this physical training is not coaching high school boys in the art of playing football. If they are to receive such instruction from a teacher of the public schools, it ought to be done after school hours and without expense to the district. The physical training contemplated by the statute is a course of training for all of the pupils of a school and not for the training of a few. Physical training is required to be given in order to better the physical condition and welfare of all pupils, and, under the statute, such physical training shall conform to that prescribed by the State Superintendent of Public Instruction. This prescribed course does not include the playing of football, nor the coaching of pupils for competition in football playing with other teams. The defense pleaded, therefore, is insufficient to justify plaintiff's discharge.

2. The answer also contains the following allegations:

"That at the time plaintiff was so discharged, he was tendered payment in full for one month's services under the said contract, and accepted the same; that said payment was made by defendant to the plaintiff as the payment and settlement in full of all sums owing or which might become owing to the plaintiff under said contract."

These allegations are insufficient in that they fail to allege that the plaintiff accepted the payment made to him as a settlement in full for all sums which might become due and owing under the contract.

3. Under the rule followed in *Crane* v. *School Dist. No. 14*, 95 Or. 644 (188 Pac. 712), the plaintiff was entitled to recover the amount he would have earned if he had been permitted to perform the contract, less the amount stipulated in mitigation of his damages.

The judgment is therefore affirmed.

AFFIRMED.   REHEARING DENIED.

BURNETT, J., took no part in the decision of this case.